Nicholson, C. J.,
deliYered tbe opinion of tbe court:
Complainant, as tbe executrix of T. H. Isbell, files ber attachment bill to recover from J. A. Moorman, as indorser on a note of J. W. Rogers, for $2,000, dated June 16th, 1860, and payable at twelve months, in tbe Branch Bank of Tennessee, at Somerville. Sbe exhibits with ber bill tbe evidence that demand and notice were regularly made and given, and tbe note protested for nonpayment. On tbe *352 back of tbe protest is a copy of tbe note (or a copy of tbe original note as filed), from which it appears that on tbe back of the note, and above the first indorser’s name, is this memorandum: “This is collateral for $950 and five hundred.” Then follows the names of three indorsers, that of J. A. Moorman being tbe last, and immediately following his name and his post office is this memorandum, “Collateral to secure J. W. Rogers.” The note with the in-dorsements are made part of tbe bill, and we are to presume that the memoranda were on the note when it was protested, but. when they were placed there, or by whom, does not appear. Indeed, complainant makes no allusion to them, but exhibits the note with its indorsements and the protest as evidence of the liability of Moorman for the entire note.
.As this note was in the possession of Isbell, the testator, and then in that of his executrix, until deposited in bank for protest, we think the memoranda became evidence of the facts so indorsed on the note. The first memorandum is evidence that the note was “collateral for $950 and five hundred,” but it might be difficult to determine from tins as to whose debt the note was “collateral.” But the other memorandum is “collateral to secure J. W. Rogers.” This makes it reasonably certain that the $2,000 was held by Isbell as collateral security for debts due from said J. W. Rogers.
This being so, the presumption arising from the possession of the note, that it is the property of the holder, and that he has a right to sue on it, is rebutted by the evidence furnished along with the note itself; and it devolved on complainant to show that the right to' sue had become absolute by the failure of J. 'W. Rogers to pay the debt for which the note was given as collateral security. The defendant, in his answer, relies on these memoranda as evidence that complainant’s right to-sue was conditional, and she was required to produce the evidence of an existing *353 indebtedness against Rogers, but no such evidence is adduced.
We are therefore of opinion that complainant has not shown herself entitled to recover on the note. Chancellor Walker arrived at the same conclusion, and dismissed the bill, and we affirm his decree, with costs.